IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELOY CARRANZA-HURTADO, | ) | No. C 12-1415 RMW (PR) |
| Plaintiff, | ) ) | ORDER DISMISSING CASE WITH LEAVE TO AMEND |
| v. | ) ) | |
| UNKNOWN OFFICIALS OF SANTA CRUZ COUNTY, | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, a federal prisoner, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

1   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged deprivation was committed by a person acting under the color of state law. West v.
4  Atkins, 487 U.S. 42, 48 (1988).

5  B.    Plaintiff's Claims

6   In his complaint, plaintiff claims that an unknown police officer in Santa Cruz County
7  stopped him in a traffic stop.  The officer requested identification from plaintiff, and when
8  plaintiff exited his vehicle in an attempt to show plaintiff hie legal documentation, the officer
9  began kicking plaintiff's stomach, placed him face-down on the hood of the police car, twisted
10 plaintiff's arm, and beat him on the head with the officer's cane.  Liberally construed, plaintiff
11 has stated a cognizable claim of excessive force.

12  However, plaintiff has failed to identify the defendant.  The use of "John Doe" to identify
13 a defendant is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th
14 Cir. 1980).  Still, situations may arise where the identity of alleged defendants cannot be known
15 prior to the filing of a complaint.  In such circumstances, the Ninth Circuit has made clear that
16 the plaintiff should be given an opportunity through discovery to identify the unknown
17 defendants, unless it is clear that discovery would not uncover their identities or that the
18 complaint should be dismissed on other grounds.  See id.  However, this case is not like
19 Gillespie, where the plaintiff could serve such discovery requests on the defendants he had
20 named, in order to seek the identifies of the unidentified defendants.  Here, there are no named
21 defendants for the plaintiff to seek such discovery from.

22  Because there is the possibility that plaintiff can discover the identity of the unnamed
23 defendant, even without propounding discovery requests to an opposing party, plaintiff will be
24 granted leave to amend.  In his amended complaint, plaintiff must allege facts sufficient to state a
25 claim against at least one named defendant.  Liability may be imposed on an individual
26 defendant under section 1983 if the plaintiff can show that the defendant proximately caused the
27 deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.
28 1988).  Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Hurtado415dwla.wpd      2

1 be provided with thirty days in which to amend to identify the unnamed defendant in his
2 complaint if he can do so in good faith.

### CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiency described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 12-1415 RMW (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: Î Ð ÐFG

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELOY CARRANZA-HURTADO,<br><br>              Plaintiff,<br><br>   v.<br><br>SANTA CRUZ COUNTY et al,<br><br>              Defendant. | Case Number: CV12-01415 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eloy Carranza-Hurtado  #06541-051
1325 Felicia Court
Oxnard, CA 93030

Dated: June 5, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk